918 F.2d 956
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Benjamin WHEELER, Defendant-Appellant.
 No. 90-5456.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 4, 1990.
Decided Nov. 21, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CR-89-258-S).
 Mark Lawrence Gitomer, Cardin & Gitomer, P.A., Baltimore, Md., for appellant.
 Barbara Suzanne Skalla, Assistant United States Attorney, Baltimore, Md., (argued) for appellee; Breckinridge L. Willcox, United States Attorney, Baltimore, Md., on brief.
 D.Md.
 AFFIRMED.
 Before PHILLIPS and MURNAGHAN, Circuit Judges, and WILSON, United States District Judge for the Western District of Virginia, Sitting by Designation.
 PER CURIAM:
 
 
 1
 Benjamin Wheeler appeals (1) a refusal to grant a motion to suppress, (2) the admission of taped conversations, and (3) the setting of a base offense level. He was charged with and convicted of various narcotics offenses, including conspiracy to distribute and possession with intent to distribute and distribution. Our review of the record satisfies us that the dispute as to Guidelines basis depending on contentions as to assertedly improper treatment of cocaine hydrochloride as crack is resolved against Wheeler since, even if there were some overlapping or double counting, any allowance therefor would not alter the sentence range.
 
 
 2
 The motion to suppress was properly denied since the contested evidence was seized pursuant to a search warrant based on probable cause. Consent of the confidential informant who participated in the telephone calls validated the resulting tapes as admissible evidence. E.g., United States v. Bonanno, 487 F.2d 654 (2d Cir.1973).
 
 
 3
 Wheeler has also sought to appeal convictions based on violations with respect to cocaine rather than with cocaine crack (for which the sentencing may be much more severe). However, the testimony at the sentencing hearing established that, from a price point of view, the determination that cocaine crack was involved was not clearly erroneous.
 
 The judgment, therefore, is accordingly
 
 4
 AFFIRMED.